

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant State Superintendent
Austin, Texas

Dear Sir:

Opinion No. O-1652
Re: Liability of owner of property
on January 1st, 1939, situated
in territory of common school
district subsequently consolidated
with another common school district,
for taxes levied during 1939 by
the proper tax authorities of
such consolidated common school
district.

By your letter of October 25, 1939, you submit for the opinion of this Department the following question, which we copy from your letter:

"Common School Districts Nos. 9 and 17 of Nueces County voted to consolidate without a dissenting vote, and no question was raised as to the validity of the consolidation. A board of trustees was appointed as required by law. This board levied its local tax rate over the consolidated district. A taxpayer raises a question as to the right of the board of the consolidated district to tax the property which is located in that part of the district originally known as District No. 17 on the grounds that the consolidation was made after January 1, 1939.

"Both districts had previously voted local maintenance taxes and the rates set by the board of the consolidated district were within the limits voted in previous elections.

"Is the taxpayer correct in his contention that the Board will have to wait another year to tax his property for school purposes?"

In the case of Cadena et al vs. State, 185 S. W. 367, the court held that the duly constituted board of trustees of an independent school district created by special act June 19, 1915, were

Hon. T. M. Trimble, Page 2

authorized to levy a maintenance tax in September, 1915, upon the
property of the taxpayer as of January 1, 1915. This holding was
upon the theory that all property owned on the first of January of
any year is subject to any tax authorized by law, whether author-
ized theretofore or during the year, and which may be levied by the
body given the power to levy, at any time during the year.

In the case of Blewitt v. Megargel County Line Independent
School District, 285 S. W. 271, the Commission of Appeals cited and
discussed with approval the foregoing decision and held that the
principle of law therein enunciated should apply likewise to a situa-
tion where the taxable property was situated on January 1st of the
tax year in territory subsequently annexed during such year to an
independent school district. While the case of Cadena v. State,
supra, involved property included in an independent school district
thereafter created, in contrast to this case which involved territory
annexed to an existing independent school district, the court recon-
ciled this distinction with the following language:

"A fair consideration of the statutes making pro-
vision for the creation of independent school districts
leaves no reasonable ground to conclude that the Legis-
lature intended that no liability for taxes for school
purposes in a school district should arise until the
year following the creation of the district; nor did
the Legislature intend that the rules of law governing
taxation for school purposes, of property in newly
annexed territory, should be different from those which
govern the taxation of property in a newly created dis-
trict."

To the same effect and turning upon an identical fact situa-
tion is the later case of Yorktown Independent School District, et al
vs. Afflerbach, et al, by the Commission of Appeals of Texas, reported
at 12 S. W. (2d) 1030.

Although the facts of the instant case present a different
aspect from those of the case cited and discussed above, in that
a consolidation of two existing common school districts is here
involved rather than the creation of a new independent school district
or the annexation of territory to an existing independent school
district, we nevertheless submit that the principles of law announced
in the foregoing decisions should be controlling of the question
before us. As in those cases, it can be reasoned here that the
statutes governing the consolidation of two existing and contiguous

Hon. T. M. Trimble, Page 3

common school districts afford "no reasonable ground to conclude that the Legislature intended that no liability for taxes for school purposes in a school district should arise until the year following the creation of the district." The consolidation of the two common school districts involved here is, to all intents and purposes, and measured by the principles of taxation announced in the above authorities, the creation of a new district, known as a "consolidated common school district." And we find nothing in the statutes to remove this case from the principles of taxation announced in the foregoing cases for consolidated independent school districts, newly created independent school districts, or independent school districts to which territory has been annexed. On the contrary Article 2814, Vernon's Annotated Civil Statutes, points to an opposite intent in providing, in part, as follows:

> "Taxing and bonding powers as are provided for elsewhere in the laws of this State are hereby guaranteed to such consolidated district."

We therefore answer your question in the negative. The position of the taxpayer cannot be sustained under the authorities, and property situated on January 1, 1939, in Common School District No. 17 of Nueces County will be subject to taxes duly levied and assessed thereafter by the proper authorities of the Consolidated Common School created by a consolidation of Common School Districts Nos. 9 and 17 of said County.

Trusting that the foregoing satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Pat M. Neff, Jr.
Assistant

PMN:N

APPROVED NOV 8, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB